## ZEB WARD, ETC., *v.* CLAXTON & JONES.

**Payment—Check and Receipt for Same Sum.**

Among the vouchers found in the record is a check dated Louisville, April 1st, 1865, drawn by J. C. Hall in favor of T. M. Jones, for one thousand dollars on hay and corn. And there is also among the vouchers exhibited a receipt signed by T. M. Jones, dated Louisville, April 1st, 1865, to J. C. Hall for Ward and Helm for one thousand dollars on hay and corn.

Held, that the coincidence of date, amount, person to whom paid, and for what paid, expressed in the same words, and in the same order, could scarcely exist, unless the receipt was for the identical sum for which the check was drawn.

**Evidence—Competency of Statements as to Indebtedness.**

The statements of the defendant, made to third parties, in relation to his indebtedness to the plaintiff, is competent evidence in an action on an open account.

APPEAL FROM FRANKLIN CIRCUIT COURT.

April 27, 1872.

OPINION BY JUDGE PETERS:

The accounts between the parties were certainly very badly kept, and therefore it is very difficult to arrive at a satisfactory conclusion. It is not very improbable that in the confused state of the accounts some of the evidence of payments may have been duplicated. In confirmation of this position—among the vouchers in the record, is a check dated, Louisville, April 1, 1865, drawn by J. C. Hall in favor of T. M. Jones, on Tucker & Co., bankers for one thousand dollars on *hay and corn*.

And there is also among the vouchers exhibited a receipt signed T. M. Jones, dated Louisville, April 1, 1865, to J. C. Hall for Ward and Helm for one thousand dollars *on hay and corn*. The coincidence of date, amount, person to whom paid, and for what paid, expressed in the same words, and same order, could scarcely exist, unless the receipt was for the identical sum for which the check was drawn.

M. B. Perry proves that he was present in Louisville in October, 1865, when J. C. Hall and appellees were together stating their accounts, when Hall called over the payments which he claimed to have made, of which the witness made a memorandum at the time, and according to his statement, appellants were indebted to appellees near $4,000, and afterwards in Versailles, Ward & Helm did not deny they were indebted to appellees.

Ellis proves that in a conversation between Hall and appellees in his presence he heard Hall say he had paid them small sums and taken receipts for the same, at different times; and when he paid them some more money he took receipts embracing what was then paid, and what he had previously paid, taking receipts for all of said sums.

That he had heard Hall say several times they were indebted to Claxton and Jones, that their claim was correct, and disputed no part of it, and spoke approvingly of their conduct.

Smith proves a conversation between Hall and appellees in his presence as late as 1867, in which Hall admitted appellee's claim was just and should have been paid and apologized to them for the failure of his partners to pay them. Claxton's testimony is to the same effect. And Spillman proves that in a conversation with Helm on the subject of their indebtedness

to appellees, he expressed regret that they had not been paid, and requested the witness to converse with Hall, and if Hall did not have the funds on hand to pay them, he and Ward would have to raise them.

It does not appear that it was ever claimed by appellants that they had fully paid appellees, much less that they had ever paid them and especially so much as is now claimed they had done. And it is not probable that they could have ever paid appellees and remained ignorant of it until they were sued, and continued on repeated occasions to admit an indebtedness.

On a trial by a jury a much larger amount was found for appellees than was adjudged by the chancellor. But on a second trial in a different *forum* appellants are again found to be indebted to appellees and we fail under all the facts disclosed to see that injustice is done.

Wherefore the judgment is affirmed on the original and cross appeal.

*Craddock & Trabue, for appellants.*

*Lindsay, for appellees.*

